UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

CAROL A. RICE-PETERSON,

    Plaintiff,

v.

                                                                              Case No: 11-14565-BC
                                                                              Honorable Thomas L. Ludington

UNUM LIFE INSURANCE COMPANY
OF AMERICA,

    Defendant.
_____/

**ORDER DENYING REQUEST TO SUPPLEMENT THE ADMINISTRATIVE RECORD**

       Plaintiff's statement for case management notified the Court of her intent to enter into the administrative record a transcript of a recording she made during her independent medical evaluation with a physician selected and paid for by Defendant. Defendant objects to this request. Generally, denial of benefits ERISA actions are constrained to the contents of the administrative record and the parties' arguments regarding how the record should be interpreted. *Andren v. The Hartford*, No. 07-12559, 2008 U.S. Dist. LEXIS 40018, at *2 (E.D. Mich. May 12, 2008).

       There are, however, limited circumstances under which discovery may be sought where evidence is offered in support of a procedural challenge to the administrator's decision, such as an alleged lack of due process or procedural irregularity afforded by the administrator or any alleged bias on its part. *Wilkins v. Baptist Healthcare Sys., Inc.*, 150 F.3d 609, 619 (6th Cir. 1998). Importantly, mere allegations of bias or procedural irregularity without providing any facts to support a claim that discovery might lead to evidence of bias are not sufficient to permit discovery under *Wilkins'* exception. *Putney v. Medical Mutual of Ohio*, 111 F. App'x 803, 806-07 (6th Cir. 2004). Such "mere allegations" include generalized claims of financial conflict of interest on the part of the defendant and the independent physician consultants who review the plaintiff's file. *See*

*Huffaker v. Metro. Life Ins. Co.*, 271 F. App'x 493, 504 (6th Cir. 2008). Any prehearing discovery should be limited to such procedural challenges. *Wilkins*, 150 F.3d at 619. The Court ordered additional briefing on these issues from the parties.

Plaintiff contends that the transcript reveals inconsistencies between what occurred during the IME and Dr. Rose's subsequent written report of the IME. This, according to Plaintiff, is important because Defendant relied heavily on Dr. Rose's written report of the IME in making its benefits decision despite Plaintiff's allegations of Dr. Rose's bias. Plaintiff believes the transcript thus supports her argument that she was afforded a lack of due process as a result of Dr. Rose's biased treatment toward her which "poisoned" the rest of the decision make process. ECF No. 15 at 8. More specifically, Plaintiff notes that Dr. Rose references his prior working relationship with Plaintiff's treating physician but did not contact him regarding Plaintiff's prior diagnoses. Plaintiff believes the transcript will support her claim that she was in constant pain, even though this is discounted and dismissed in the IME report, and explain some noted inconsistencies regarding her condition in the IME report. Dr. Rose also allegedly threatened Plaintiff, called her names, and told her she was "full of shit" during the examination. ECF No. 15 at 6.

Plaintiff also contends there is a need for additional discovery into the nature of the relationship between Dr. Rose and Defendant in the 10 years prior to Plaintiff's IME, including whether Dr. Rose had performed IMEs for Defendant on a regular basis for pay; statistical evidence as to whether those IMEs lead to an award or denial of benefits; and any procedures and/or training that Defendant required Dr. Rose to adhere to in performing the IME. At this juncture, however, the issue before the Court is Plaintiff's notice of intent to enter the IME transcript into the record.

Plaintiff contends that, under Federal Rule of Evidence 801, the recording transcript would

be admissible as non-hearsay because it contains Plaintiff's prior consistent statements and the statements of Defendant's representative and thus party opponent, Dr. Rose, after he is expressly identified. Alternatively, Plaintiff argues that there are several exceptions to the hearsay rule that would allow admission of the transcript. Under Rule 803(1), the transcript reveals the present sense impression of Plaintiff and Dr. Rose, as these statements were made explaining Plaintiff's condition while she was undergoing the evaluation. Under Rule 803(3), the transcript reveals the then-existing medical condition of Plaintiff, including pain and bodily health. Under Rule 803(4), the transcript reveals statements made for purposes of medical diagnosis or treatment, including descriptions of medical history, past and present symptoms, pain, and sensations, which were used to determine Plaintiff's limitations. Under Rule 803(5), the transcript is the recorded recollection of both Plaintiff and Dr. Rose, as the recording was made while the IME was happening. Therefore, even if the transcript should be considered hearsay, Plaintiff submits that the transcript is admissible into evidence under any and all of these exceptions to the hearsay rule. Defendant emphasizes that because there will be no trial in these ERISA proceedings, the Rules of Evidence are inapplicable; the issue is whether the administrative record should be re-opened to include Plaintiff's proffered transcript.

Defendant, however, notes that Plaintiff's complaint does not allege a procedural or due process violation in the handling of her claim, nor does the complaint request discovery because of any procedural irregularity in the claims handling process. Indeed, Plaintiff is arguing in the complaint that Defendant's error was concluding that she did not meet the definition of disabled under the Plan. Moreover, Defendant notes that Plaintiff was offered the opportunity to provide a copy of the transcript in support of her appeal of Defendant's decision, but she did not provide the

transcript. Because the transcript is not new evidence demonstrating bias or procedural irregularity, Defendant argues that the administrative record should not be reopened to include the transcript. Most importantly, Defendant emphasizes that the fact that Plaintiff thought Dr. Rose was rude, condescending or insulting does not rise to the level of bias contemplated by *Wilkins*, nor does Plaintiff dispute Dr. Rose's opinions in her case management statement or complaint.

As to its procedures, Defendant explains that it did not rely exclusively on Dr. Rose's opinions but also relied on two on-site medical reviews performed by two different doctors before Plaintiff was sent to an IME. Both doctors' assessments were that Plaintiff was not disabled. Dr. Rose's opinion thus was only confirmatory in Defendant's decision to deny Plaintiff further benefits.

The Sixth Circuit has instructed that a plaintiff seeking discovery in an ERISA benefits case must make some sort of "predicate showing" of "an alleged procedural violation" as a condition of obtaining discovery, presumably to avoid allowing discovery as a matter of routine, in the interest of advancing the goal of inexpensive and expeditious dispositions. *Huffaker v. Metro. Life Ins.*, 271 F. App'x 493, 504 (6th Cir. 2008); *see also Likas v. Life Ins. Co. of N. Am.*, 222 F. App'x 481, 486 (6th Cir. 2007); *Putney v. Med. Mut. of Ohio*, 111 F. App'x 803, 807 (6th Cir. 2004). Plaintiff's allegations that Dr. Rose was selected and paid by Defendant to perform the IME, did not contact her treating physician, and that he was allegedly rude and condescending to Plaintiff, is insufficient to warrant discovery in an ERISA case. Alternatively, Defendant represents that it did not base its decision solely on Dr. Rose's evaluation but that it also relied on two other evaluations performed by two different doctors before Plaintiff was sent for an IME. Plaintiff thus has not made the necessary predicate showing of an alleged procedural violation by Defendant in order to provide discovery and reopen the administrative record. Moreover, Plaintiff does not explain why the

transcript was not provided to develop the administrative record even though it was available and she had the opportunity to submit it during her administrative appeal.

Accordingly, it is **ORDERED** that Plaintiff's request to enter the transcript into the administrative record is **DENIED**.

s/Thomas L. Ludington
THOMAS L. LUDINGTON
United States District Judge

Dated: July 31, 2012

**PROOF OF SERVICE**

The undersigned certifies that a copy of the foregoing order was served upon each attorney or party of record herein by electronic means or first class U.S. mail on July 31, 2012.

s/Tracy A. Jacobs
TRACY A. JACOBS